COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name: Michelle Legal and William Johnson Jr. v. JPMorgan Chase Bank, National Association

Appellate case number: 01-19-00972-CV

Trial court case number: 1139334

Trial court: County Civil Court at Law No. 3 of Harris County

Appellant is appealing from the judgment signed on November 5, 2019. The clerk's record has been filed and it indicates that appellant did not claim an inability to afford court costs in the trial court but filed a statement of inability in the trial court approximately a month after she filed her notice of appeal. Appellant also filed her statement of inability in this Court.

If a party sought to avoid payment of court costs in the trial court and filed a statement of inability there and the trial court did not overrule her claim of inability by written order, the appellant's status of indigence carries forward to the appellate court. *See* TEX. R. APP. P. 20.1(b)(1). Here, however, appellant did not claim an inability to afford court costs until she filed an appeal, and therefore, it is unclear whether the trial court considered this statement. This situation appears to fit more reasonably under Subsection (b)(3) concerning a change in circumstances. *See* TEX. R. APP. P. 20.1(b)(3). Under this subsection, if appellant's circumstances have changed, either this Court may decide whether she is entitled to proceed without paying costs or we may refer it to the trial court to hear evidence and make findings. *See* TEX. R. APP. P. 20.1(b)(3)(B).

Accordingly, we **abate** the appeal and **remand** to the trial court to hold an evidentiary hearing concerning appellant's statement of inability and to prepare findings of fact and conclusions of law concerning whether appellant is able to afford costs on appeal. *See id.* A supplemental clerk's record shall be filed **on or before March 25, 2020**, containing the trial court's findings and conclusions and any order concerning appellant's ability to pay costs on appeal. A reporter's record of the hearing shall also be filed in this Court **on or before March 25, 2020.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order, and the reporter's record of the hearing, have been filed in this Court.

The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: _____/s/ Richard Hightower_____

☑ Acting individually ☐ Acting for the Court


Date: ___March 3, 2020____